IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHELLE MONIQUE MELENDEZ,**

      **Petitioner,**

v.                                       **Civil Action No.: 3:22-CV-4
(GROH)**

**WARDEN R. WOLFE,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 11, 2022, Petitioner, an inmate at Hazelton Secure Female Facility (SFF), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of her sentence, and paid the filing fee. ECF Nos. 1, 4.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed without prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:22-CV-4 unless otherwise noted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     Conviction and Sentence in the Western District of Texas[2]

On December 12, 2018, a four-count indictment was returned in the Western District of Texas, case number 7:18-CR-262, which charged Petitioner and her co-defendants with firearms and drug trafficking offenses, including: (1) in Count 3 with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; and (2) in Count 4 with possession of a firearm in furtherance of the drug trafficking offense charged in Count 3, in violation of 18 U.S.C. § 924(c).  ECF Nos. 26, 66.  Pursuant to a written plea agreement, Petitioner entered a guilty plea on March 19, 2019, to Counts 3 and 4 of the Indictment.  ECF Nos. 118, 119.  On June 12, 2019,[3] Petitioner was sentenced to 6 months as to Count 3, and to 5 years as to Count 4, which sentences were to run consecutively to one another, with credit for time served while in federal custody, and to be followed by three years of supervised release for Count 3, and by five years of supervised release for Count 5, with the terms of supervised release to run concurrently with one another.  ECF No. 160.

Petitioner filed an appeal with the Court of Appeals for the Fifth Circuit, but later moved to dismiss the appeal, which request was granted on October 3, 2019.  ECF Nos. 159, 186.

---

[2] Throughout section II.A. all ECF numbers refer to entries in the docket of Criminal Action No. 7:18-CR-262 from the Western District of Texas, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing /the contents of court records.'").

[3] Petitioner was sentenced on June 12, 2019, but an amended judgment was executed and filed on June 27, 2019.  ECF Nos. 153, 160.

**B.      Instant Petition for Habeas Corpus Under § 2241**

On January 11, 2022, Petitioner filed[4] the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241 in this Court.  ECF No.1.  Petitioner raises two claims for relief, both of which concern the computation of her sentence: (1) that she is entitled to credit based on her completion of the Residential Drug Abuse Program (RDAP); and (2) she has not received a downward calculation of her sentence based on the First Step Act.  Id. at 5 – 6.  Petitioner asks this Court to order the Bureau of Prisons to release her to home confinement in March 2022.  Id. at 8.

Respondent filed a motion to dismiss or in the alternative for summary judgment, with an accompanying memorandum and exhibits on February 8, 2022.  ECF Nos. 8, 8-1 through 8-4.  Respondent argues that: (1) Petitioner failed to exhaust available administrative remedies as to her First Step Act claim [ECF No. 8-1 at 2 – 3, 10 – 11]; (2) Petitioner is not entitled to early release based on RDAP completion because of her 18 U.S.C. § 924(c) conviction [Id. at 3 – 8]; (3) that BOP's denial of discretionary sentence reduction is not reviewable by district courts [Id. at 9 – 10]; and (4) Petitioner is not entitled to time credit under the First Step Act based on her conviction under § 924(c) [Id. at 11 – 13].

Petitioner filed a response to the motion to dismiss or for summary judgment on March 2, 2022.  ECF No. 11.  Therein, Petitioner asserts that: (1) "the firearm was not [hers]" in the crime of conviction; (2) her "lawyer never explained that having a firearm on

---

[4] On December 14, 2021, the Petitioner filed a petition for habeas corpus in the Western District of Texas, in case number 7:21-CV-241, which was transferred on that same date to the Northern District of West Virginia, in case number 5:21-CV-208.  That case was closed on January 11, 2022, the same date the instant action was filed.

the case [of conviction] would prohibit [her] from [receiving] RDAP credit"; (3) she exhausted her administrative remedies by writing to her sentencing judge, which matter was transferred to this district; (4) she has obtained her GED while incarcerated at SFF Hazelton; (5) she has nearly completed the RDAP program, with a projected graduation date of August 10, 2022; (6) BOP will not grant her the credit she believes she has earned through completion of RDAP; (7) she did not commit a violent offense; and (8) the "PSI clearly demonstrate[s] the firearm was not [hers]". Id. at 1 – 2.

A review of the docket shows that Respondent has not filed a reply.

### III.   LEGAL STANDARD

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss

4

a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than

conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to

the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must

consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV.   ANALYSIS

#### A.   Petitioner has Failed to Exhaust her Administrative Remedies as to her First Step Act Claim

Petitioner seeks a reduction in her sentence under the First Step Act, however, she is not entitled to relief because failed to exhaust, or even file, an administrative remedy seeking such relief prior to filing the instant action.

The First Step Act initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A). More specifically, a prisoner will "earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). In addition, a prisoner, who is determined "to be at a minimum or low risk for recidivating," may "earn

9

an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities," if she has not increased her risk of recidivism over two consecutive assessments. 18 U.S.C. § 3632(d)(4)(A)(ii).

However, under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir.2001), Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, she must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. C.F.R. 28 § 542.14(a). If an inmate is not satisfied with the warden's

response, she may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. 28 C.F.R. § 542.15(a). Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[6] Id. An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all levels. 28 C.F.R.§ 542.10 – 542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Pursuant to McClung, failure to exhaust may only be excused upon a showing of cause and prejudice. Petitioner claims that she exhausted her administrative remedies as to her claims, which were both denied. ECF No. 1 at 7 – 8. However, a review of the administrative remedies provided by Petitioner and Respondent demonstrates that Petitioner failed to exhaust her remedies as to her First Step Act claim.

In the instant matter, the petitioner has filed four administrative remedies with the Bureau of Prisons, none of which requested credit for reduction of sentence pursuant to the First Step Act. A review of the Administrative Remedy Generalized Retrieval documents shows that Petitioner filed three administrative remedies seeking credit for time under 18 U.S.C § 3621(e)[7]: (1) Remedy ID 1074537-F1 was closed by the facility

---

[6] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

[7] The Administrative Remedy documents appear to contain a typographical error in the transposition of "3621" to "3261". A comparison of the statutes shows that 18 U.S.C. 3621 relates to "imprisonment of a convicted person" and that subparagraph (e) addresses "substance abuse treatment", including "incentive for prisoners' successful completion of treatment program", whereas 18 U.S.C. § 3261

on April 26, 2021; (2) Remedy ID 1074537-R1 was closed by the regional office on June 20, 2021; and (3) Remedy ID 1074537-A1 was closed by the Central Office on August 31, 2021. ECF Nos. 8-2 at 59, 8-3 at 9 – 10. A fourth administrative remedy, Remedy ID 1061063-R1, concerning Petitioner's transfer to an RDAP location further from her home appears to have been rejected on December 16, 2020,

As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona, 243 F.3d at 634 (internal citations omitted).

Petitioner has failed to exhaust all administrative remedies available to her claim that she is entitled to credit under the First Step Act. Accordingly, Petitioner's claim asserted under the First Step Act may not be considered under § 2241, and this Court is without jurisdiction to consider her petition on that ground. When subject-matter

---

refers to "criminal offenses committed by certain members of the Armed Forces and by persons employed by or accompanying the Armed Forces outside the United States."

jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### B. Petitioner is Prohibited from Receiving a Reduction in Sentence Based on her Completion of the Residential Drug Abuse Program (RDAP)

Petitioner's other claim that she is entitled to reduction in sentence based upon her completion of RDAP is without merit. The determination by the BOP of whether to grant an inmate a sentence reduction is not reviewable by the District Court. Moreover, even if the District Court could review sentence reduction determinations, Petitioner is statutorily barred from receiving a reduction in her sentence through completion of RDAP, because her conviction under 18 U.S.C. § 924(c) precludes her from early release eligibility, at the discretion of the BOP.

#### 1. Petitioner is Ineligible for Sentence Reduction Based on Her Offense of Conviction

As an incentive to participate in recidivism reduction programming, Prisoners who complete RDAP are eligible for sentence reduction. Pursuant to 18 U.S.C. § 3621(e), and 28 C. F. R. §§ 550.50, et seq., the BOP implemented RDAP for federal inmates. To be eligible for RDAP, under 28 C.F.R. § 550.53(b), inmates must: (1) "have a verifiable substance use disorder;" (2) "sign an agreement acknowledging program responsibility;" and (3) "be able to complete all three components" of the program described in subparagraph (a). The three components of the program are: (1) at least a six-month term in a unit-based residential program; (2) follow-up services to include transfer to a community-based program; and (3) Community Treatment Services (CTS). 28 C.F.R. §

550.53(a). An inmate has not successfully completed the treatment program for purposes of incentives such as early release until all three components identified in 28 C.F.R. § 550.53(a) have been successfully completed. If an inmate is eligible for RDAP and successfully completes all three components of the program, then "[t]he period a prisoner convicted of a nonviolent offense remains in custody…may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

However, under the provisions of the Code of Federal Regulations, an inmate will be precluded[8] from early release if she has a current felony conviction for one of four categories of offenses, including:

> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors

28 C.F.R. § 550.55(b)(5).

The Bureau of Prisons issues Program Statements to assist in the implementation of its policies and programs. BOP Program Statement 5162.05, entitled "Categorization of Offenses", Section 3, lists the federal offenses of conviction which are categorized as

---

[8] Certain other categories of inmates who are precluded from early release, include those who are: Immigration and Customs Enforcement detainees, pretrial detainees, contractual boarders, and inmates who have a prior felony or misdemeanor conviction within the ten years prior to the date of sentencing for the current commitment for homicide, forcible rape, robbery, aggravated assault, arson, kidnapping, or a sexual abuse offense committed upon a minor. 28 C.F.R. § 550.55(b).

crimes of violence. ECF No. 8-2 at 39 – 45. Further, Section 4 of Program Statement 5162.05 lists offenses that at the director's discretion, shall preclude an inmate from receiving certain benefits, including early release. Id. at 46. Among a number of other offenses which at the director's discretion may preclude early release, are convictions under 21 U.S.C. § 924, including Petitioner's conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). Id. at 53.

Respondent argues that Lopez v. Davis, 531 U.S. 230 (2001), supports the determination that Petitioner should not be granted early release from incarceration. ECF No. 8-1 at 7. In Lopez the Supreme Court addressed "whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm." 531 U.S. at 238. The Supreme Court held that the BOP possessed such discretion, and "decided that the Bureau may categorically exclude prisoners based on their preconviction conduct." Id. at 244.

Petitioner argues that she should be granted early release because "the firearm in question was not [hers] and there was no violent charge in [her] case." ECF No. 1 at 5. However, Petitioner was convicted of possession of a firearm in furtherance of the drug trafficking offense a violation of § 924(c). Moreover, the BOP concluded that Petitioner's 18 U.S.C. § 924(c) conviction "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" and "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." ECF No. 82 at 5, ¶12. Accordingly, the BOP concluded that Petitioner is precluded from receiving early release pursuant to 28 C.F.R. §§ 550.55(b)(5)(ii) and (iii).

Petitioner is not entitled to a reduction in sentence because she was properly

precluded from receiving early release. The BOP determination that Petitioner's offense of conviction precluded her from receiving benefits from BOP programs, including early release was permissible under statute and regulation. Furthermore, that determination is not reviewable by this Court.

> 2. **The District Court is Without Jurisdiction to Review BOP Sentence Determinations**

The United States Supreme Court has long recognized that the United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 334–35 (1992). Although Petitioner asserts that the Bureau of Prisons incorrectly calculated her sentence, and refuses to grant her credit for time earned in rehabilitation programs, it is clear from 18 U.S.C. §§ 3621 and 3632 and the holding of Wilson, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from Wilson and other holdings that this Court may not usurp the Bureau of Prisons' authority. Accordingly, this Court cannot grant Petitioner's request for relief.

V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that the Respondent's motion to dismiss [ECF No. 8] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   May 4, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE